IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROCHESTER MITCHELL,

Defendant.

Case No. CR11-2025

ORDER FOR PRETRIAL DETENTION

On the 26th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, James Bryson Clements.

### RELEVANT FACTS

On April 19, 2011, Defendant Rochester Mitchell was charged by Indictment (docket number 9) with conspiracy to distribute heroin (Count 1), three counts of distribution of heroin within 1,000 feet of a school (Counts 8, 10, and 12), and one count of possession of heroin with intent to deliver (Count 17). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Cedar Rapids Police Officer Brian Furman, who is currently assigned to the DEA Task Force, testified regarding the circumstances underlying the instant charges. Defendant is named in a conspiracy to distribute heroin in Waterloo, Iowa, and Cedar Rapids, Iowa. As part of the investigation of the drug conspiracy, law enforcement placed wiretaps on the telephone of co-defendant Arthur Scott. Calls intercepted by law enforcement on Scott's telephone indicated that Defendant was involved in selling heroin

as part of a drug conspiracy. Specifically, Defendant partnered with co-defendant Edward Sapp, and sold heroin out of Sapp's residence. Furman testified that Defendant and Sapp were involved in controlled heroin buys on January 7, 10, and 27, 2011.

On February 15, 2011, authorities executed 17 search warrants, including a search of Sapp's residence and Defendant's residence. At Sapp's residence, law enforcement found ten foils of heroin and drug packaging materials. At Defendant's residence, law enforcement found 31 foils of heroin on Defendant's person, methadone, and heroin cutting agents. Additionally, at some point during the investigation, Defendant was intercepted at the Waterloo bus station, returning to Waterloo from Chicago, Illinois, with 7 grams of heroin in his possession.

According to the pretrial services report, Defendant is 46 years old. He was born in Shelby, Mississippi, and lived there until he moved to Chicago with his family at age 15. Defendant moved from Chicago to Waterloo about eight years ago. At the time of his arrest, Defendant resided in Waterloo with his girlfriend. He is single and has never been married, but has four children from prior relationships.

Defendant is currently unemployed, but worked at Tyson Fresh Meats in Waterloo from 2003 to 2010. He has no serious physical or mental health problems. Defendant admitted daily heroin use for the past four years, but claims he stopped using heroin about two months ago.

In 1986, at age 23, Defendant was arrested for battery. The disposition of that charge is unknown. On August 22, 1991, Defendant was charged and later convicted of possession of a controlled substance. On October 28, 1991, while the possession charge was pending, Defendant was charged with mob action and failure to disperse. However, the disposition of that charge is unknown. On May 30, 1992, while the 1991 possession charge was pending, Defendant was charged and later convicted of the sale and delivery of a controlled substance. On October 7, 1992, Defendant was sentenced to 3 years in prison on the 1991 possession charge, and 2 years in prison on the sale and delivery of a controlled substance charge. Defendant was paroled on May 28, 1993.

In August 1994, while on parole for the 1991 possession charge and 1992 sale and delivery of a controlled substance charge, Defendant was arrested for solicitation of narcotics. That charge was stricken from the docket with leave to reinstate. On March 10, 1995, while still on parole for the 1991 and 1992 drug charges, Defendant was charged and later convicted of possession of heroin. On January 11, 1996, while the possession of heroin charge was pending, Defendant was arrested for possession of a controlled substance, but that charge was not prosecuted. On February 9, 1996, Defendant was sentenced to 1 year in prison on the 1995 possession of heroin charge. He was paroled on April 17, 1996, and discharged one year later.

In August 1997, Defendant was charged with disorderly conduct. That charge was stricken from the docket with leave to reinstate. On November 4, 1998, Defendant was charged and later convicted of possession of cocaine. On September 24, 1999, while the cocaine possession charge was pending, Defendant was arrested for possession of heroin. That charge, however, was not prosecuted. On March 19, 2000, while the cocaine possession charge was pending, Defendant was charged with soliciting an unlawful business. The disposition of that charge is unknown. On August 17, 2000, Defendant was sentenced to 60 days of home confinement on the 1998 cocaine possession charge.

On October 23, 2000, Defendant was arrested for possession of PCP, but that charge was not prosecuted. On January 13, 2001, Defendant was charged and later convicted of manufacturing and distributing heroin. On November 10, 2001, while the distribution of heroin charge was pending, Defendant was arrested for possession of cocaine. That charge, however, was not prosecuted. On August 23, 2002, while the distribution of heroin charge was pending, Defendant was arrested for possession of cocaine, but that charge also was not prosecuted. On November 1, 2002, Defendant was sentenced to 5 years probation on the distribution of heroin charge. On May 22, 2003, while on probation for the distribution of heroin charge, Defendant was arrested for manufacturing and delivering cocaine. The disposition of that charge is unknown. On September 15, 2003, while still on probation for the distribution of heroin charge,

Defendant was charged and later convicted of attempted possession of heroin. Defendant was sentenced to 30 days in jail. On January 16, 2004, while still on probation for the distribution of heroin charge, Defendant was charged and later convicted of possession of cocaine. On March 17, 2004, Defendant was sentenced to 18 months in prison. He was paroled on May 20, 2004. For reasons not disclosed in the pretrial services report, Defendant's parole was revoked on May 4, 2005. He was discharged on June 14, 2005.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id*. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id*. Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id*.

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute heroin, three counts of distribution of

heroin within 1,000 feet of a school, and one count of possession of heroin with intent to deliver, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). See also *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds

there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute heroin, three counts of distribution of heroin within 1,000 feet of a school, and one count of possession of heroin with intent to deliver. The weight of the evidence against Defendant is strong. Officer Furman testified to calls intercepted from a co-conspirator's wiretapped phone that indicated Defendant was involved in dealing drugs. Defendant and his partner and co-defendant, Edward Sapp, were involved in three controlled buys of heroin by law enforcement. During a search warrant executed on Defendant's residence, law enforcement found 31 foils of heroin in Defendant's pocket, methadone, and heroin cutting agents. Additionally, at some point during the investigation, Defendant was intercepted at the Waterloo bus station, returning to Waterloo from Chicago, with 7 grams of heroin in his possession.

The charges against Defendant are very serious. Of particular concern to the Court is that Defendant has at least two prior felony drug convictions, and there is also

substantial evidence of Defendant's involvement in the recent distribution of heroin. The Court is also struck by Defendant's repeated failure to comply with pretrial release, parole, and probation, and his propensity to commit additional crimes while on pretrial release, parole, and probation. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Based on the serious nature and circumstances of the offense, Defendant's substantial criminal record, including felony drug convictions, his repeated failure to comply with pretrial release, parole, and probation, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    The time from the Government's oral motion to detain (April 21, 2011) to the filing of this Ruling (April 27, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA